Johnson, J.
Upon looking into the case of Ur. Francis Porcher v. Sarah B. Gist, decided here at the last sittings, I find that this case runs all fours with it. There, as in this, the settlement was to the joint use of the intended husband and wife for life, then to the use of the survivor for life, and on the death of the survivor, to the use of the issue of the 'marriage ; and it was held that upon the death of the husband, a legal estate vested in the wife for life, which was liable to be levied on, and sold under fi. fa. against the wife. The decree of the *Circuit Court must, therefore, be reversed, and the injunction set aside and dissolved, and it is so adjudged and decreed.
In Cordes and Adrian,(a) decided during the present sitting, an order was made in the Circuit Court, that the purchaser, at sheriff sale, of a life estate in slaves, should give bond and security that they should not be carried out of the State, and that they should be forthcoming at the termination of the life estate; and without some security of this sort, it is apparent that the interest of those entitled in remainder would be jeopardized, particularly on sales by the sheriff, who must sell to the highest bidder, whatever may be his character or responsibility. It is, therefore, so reasonable and necessary, that we think it should be provided for, in every case. It is therefore ordered and decreed, that upon the sale of the negroes taken in execution, .at the suit of the defendant, Align, the purchaser shall, before delivery, enter into bond to the Commissioner of the Court, with good and sufficient security, to be approved by the Commissioner, in an amount equal to double the value of the negro or negroes, conditioned that the said negro or negroes shall not be carried or removed out of the State, and that they, if alive, with the increase of the females, shall be forthcoming at the termination of Mrs. Cleary’s life estate — costs to be paid out of the sales.
O’Neall and Earle, Js.(b) concurred.

а) Videpost.